# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD GIFFEN,<br><br>    Petitioner,<br><br>    v.<br><br>BARACK OBAMA, et. al,<br><br>    Respondents. | Case No.  1:14-cv-01280-LJO-SAB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO RECUSE<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 14) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## MOTION TO RECUSE

Pending before the Court is Petitioner's motion to recuse the undersigned judge. A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). A judge also should disqualify himself if "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir.1994). Opinions formed during the course of

judicial proceedings "almost never constitute a valid basis for a bias or partiality motion" and can only do so "in the rarest circumstances" where the opinions reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555–56 (1994).  Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Id. at 551.  "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir.2000), *quoting* United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997).  "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir.1985) (citations omitted).

Petitioner states that the undersigned judge has a conflict of interest because the undersigned worked for the United States Department of Justice.  Petitioner also states that when the court denied Petitioner's motion for appointment of counsel, it sabotaged Petitioner's case.  Petitioner's contentions are completely unfounded.  While the undersigned was employed for the government, he did not act as counsel, witness, or adviser concerning this proceeding, and he did not express an opinion concerning the merits of the particular case in controversy. See 28 U.S.C. § 455(b)(3).  In sum, there is no evidence of any impartiality, and Petitioner is unable to point to anything in the record even hinting at such a high degree of favoritism or antagonism that might warrant recusal. See Liteky, 510 U.S. at 555–56.  Therefore, the undersigned judge will not recuse himself.

**II.**

**MOTION FOR RECONISDERATION OF ORDERS DENYING APPOINTMENT OF COUNSEL**

Pending before the Court is Petitioner's motion for reconsideration of this Court's orders of August 3, 2014, and August 21, 2014, denying his motions for appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v.

Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time.

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion to recuse the undersigned is DENIED.
2. Petitioner's motion for reconsideration of this Court's orders denying his motions for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **October 1, 2014**

UNITED STATES MAGISTRATE JUDGE