# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD GIFFEN,<br><br>    Petitioner,<br><br>    v.<br><br>BARACK OBAMA, et. al.,<br><br>    Respondents. | Case No. 1:14-cv-01280-LJO-SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 1) |

Petitioner alleges that he is in the custody of the United States government and he is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 13, 2014, Petitioner filed the instant Petition. (Pet., ECF No. 1). On September 2, 2014, Petitioner filed a motion to correct petition filing. (Am. Pet., ECF No. 8). According to the petition, Petitioner is challenging his allegedly illegal confinement and restraint by the United States government and military. (Pet. at 14). Petitioner admits that he was arrested on March 13, 2011.[1] (Pet. at 11). It does not appear from the Petition that Petitioner is currently incarcerated or otherwise held in custody by a state or federal government. (Pet.; Am. Pet.).

//

---

[1] It appears from the Petition that Petitioner was sentenced to jail and was released sometime prior to March 2014. Petitioner does not state the charge that he was arrested for or convicted of. Petitioner also does not state the terms of his sentence. (Pet. at 11).

1

# I.

# DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Under § 2243, it is the duty of the Court to screen out frivolous applications and to eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970); see Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

Habeas corpus petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994); Hendricks, 908 F.2d at 491. The Petitioner must set forth in summary from the facts supporting each of the grounds specified and shall state the relief requested. Rule 4 of the Rules Governing Section 2254 Cases. As mentioned above, a petition may be dismissed if the factual allegations are so palpably incredible or so patently frivolous or false as to warrant summary dismissal. Blackledge, 431 U.S. at 78. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however, inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

Petitioner's "claims," to the extent that they can be so characterized, are vague, unclear, and, though possibly real to him, patently incredible. Petitioner claims that the United States military has tortured him by sending energy into his body and mind. (Pet. at 1, 15). Petitioner has produced no credible evidence to indicate that the United States has taken any action against him or that he has been the subject of an investigation or convicted of a crime other than his March 13, 2011 arrest. Petitioner has presented no credible evidence that he has suffered from an electromagnetic weapon attack. Petitioner's 50 exhibits merely show that there may be electromagnetic devices in existence at this time, but there is no evidence that Petitioner has actually been a victim of these devices. (LD[2] 1-50, ECF No. 4). The documents only reveal that Petitioner has Post-Traumatic Stress Disorder (PTSD) and that he has had repetitive injuries to his brain, but there is no documented correlation between his diagnoses and the alleged attacks. (LD 3-5. 11). Petitioner's medical exhibits only reveal that he had high tachycardia for five hours during the course of the twenty-four hour observation period at Salem Hospital, but there is no further diagnosis or explanation about the tachycardia. (LD 12). Petitioner's communications with Dr. Robert Duncan are a series of messages about the alleged use of electromagnetic weapons on the public, but Dr. Duncan never diagnoses Petitioner as a victim of electromagnetic weapons. (LD 13, 23).

The facts alleged in the petition appear to arise from fantasy and delusion. Therefore, the petition is frivolous and must be dismissed. Neitzke, 490 U.S. at 327-28. Moreover, Petitioner is not incarcerated, subject to probation or parole, or otherwise subject to significant restraint on his freedom. He cannot be said to be in custody under 28 U.S.C. § 2241(c)(3). See, e.g., Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 508-510 (1982), and thus he is not entitled to habeas corpus relief.

## II.
## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be

---

[2] "LD" refers to the documents lodged by Petitioner.

DISMISSED as frivolous.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.

The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 21, 2014**

UNITED STATES MAGISTRATE JUDGE