# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD GIFFEN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BARACK OBAMA, et al.,<br><br>　　　　Respondents. | Case No. 1:14-cv-01280-LJO-SAB-HC<br><br>ORDER DENYING MOTION FOR TO RECONSIDER DISMISSAL OF PETITION, MOTION TO RECONSIDER THE DENIAL OF APPOINTMENT OF COUNSEL, AND MOTION TO RECUSE<br><br>(ECF No. 20) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 22, 2014, the assigned Magistrate Judge issued a Findings and Recommendation that recommended that the petition be dismissed as frivolous. On December 11, 2014, the undersigned adopted the Findings and Recommendation, and the petition was dismissed as frivolous. On December 24, 2014, Petitioner filed the instant motion for reconsideration.

## I.

## DISCUSSION

**A. Motion for Reconsideration of Dismissal of Petition**

Petitioner has not indicated whether he is seeking a motion to alter or amend judgment under Federal Rules of Civil Procedure § 59(e) or a motion for relief from judgment or order

1

under Federal Rules of Civil Procedure § 60(b). Therefore, the Court will discuss both standards.

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Common grounds for a court to grant a motion to alter or amend judgment include newly discovered evidence, the district court committed clear error or its initial decision was manifestly unjust, or there was an intervening change in controlling law. See School Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). However, a motion to alter or amend the judgment must be filed "no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, Petitioner filed his motion for reconsideration thirteen days after the entry of the judgment, and therefore, he did not file his motion for reconsideration within the appropriate 10 day timeframe under Fed. R. Civ. P. 59(e). Thus, Petitioner is not entitled to relief under Fed. R. Civ. P. 59(e).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner's arguments do not merit reconsideration of the dismissal. Petitioner contends the Court did not properly review his claims. In support of his motion for reconsideration, Petitioner provided the Court with seven exhibits: the brief that his attorney in Oregon submitted in support of his appeal in Oregon, the trial briefings in Petitioner's Oregon habeas corpus matter, Myron May's letter dated November 17, 2014, a letter on targeted individuals which

Petitioner states was written by Myron May, NBCNews.com articles on the Myron May and the Ismaaiyl Brinsley shootings, a print out of Petitioner's website discussing Myron May, and Jim Fetzer's article in the February 20, 2003, edition of Reader Weekly about electromagnetic pulse weaponry and Paul Wellstone's plane crash.

Petitioner's exhibits are articles and briefs that do not provide credible support for his claim that he has suffered an electromagnetic weapon attack. Petitioner's brief to the Oregon Court of Appeals is merely his brief requesting the Court reverse the trial court's denial of his habeas petition, and does not provide any actual support for his claims in his federal habeas petition. Petitioner appears to try to draw parallels between his case and the Myron May shooting, but the news article does not provide any support for Petitioner's claims. Petitioner's website and writings do not provide support for his claims. Jim Fetzer's article merely states his theories based on rumors about electromagnetic pulse weaponry causing Paul Wellstone's plane crash, and does not provide any support or connection that Petitioner is actually suffering from an electromagnetic attack by the government. When the Court considers Petitioner's exhibits in support of his motion for reconsideration in conjunction with his lodged documents in support of the Petition and his other filings, the Court does not find that there is sufficient evidence to indicate that Petitioner suffered an electromagnetic weapon attack by the United States government. Therefore, Petitioner's motion for reconsideration of the dismissal of his petition must be denied.

**B. Motion for Reconsideration of Denial of Appointment of Counsel**

Petitioner also requested reconsideration of the Court's denial of his motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. Petitioner has provided no support that the Court erred in denying his request for the appointment of counsel. In addition, the Court does not find that the interests of justice would be

served by the appointment of counsel at the present time. Furthermore, the Petition has been dismissed and the motion for reconsideration is denied, so there are no pending matters in this case.

### C. Motion to Recuse

As part of Petitioner's motion for reconsideration, he requests that another judge be appointed to his case. The Court will treat this request as a motion to recuse the undersigned.

A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). A judge also should disqualify himself if "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir.1994). Opinions formed during the course of judicial proceedings "almost never constitute a valid basis for a bias or partiality motion" and can only do so "in the rarest circumstances" where the opinions reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555–56 (1994). Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Id. at 551. "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir.2000) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir.1985) (citations omitted).

Petitioner provides no support for his present request that a new judge review his case. Petitioner's disagreement with an order is not sufficient to warrant recusal. There is no evidence of any impartiality by the undersigned, and Petitioner is unable to point to anything in the record even hinting at such a high degree of favoritism or antagonism that might warrant recusal. See

Liteky, 510 U.S. at 555–56.  Therefore, the undersigned will not recuse himself.

## II.
## ORDER

Accordingly, this Court hereby ORDERS that:

1) Petitioner's motion for reconsideration of the dismissal of the Petition is DENIED;

2) Petitioner's motion for reconsideration of the denial of his motion to appoint counsel is DENIED; and

3) Petitioner's motion to recuse the undersigned is DENIED.

IT IS SO ORDERED.

Dated:  **February 4, 2015**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE