UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD GIFFEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARACK OBAMA, et al.,<br><br>　　　　　Defendants. | No. 1:14-cv-01280-DAD-SAB (HC)<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT<br><br>(Doc. No. 38) |

Petitioner Todd Giffen proceeded in this action with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with the remand order and directive of the United States Court of Appeals for the Ninth Circuit, this court dismissed the petition for lack of jurisdiction on January 7, 2016. (Doc. No. 36.)

On September 3, 2019, the court received the instant motion for relief from judgment filed by petitioner. (Doc. No. 38.) Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> 　(1) mistake, inadvertence, surprise, or excusable neglect;
>
> 　(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> 　(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

                (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

                (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

    For a party to be entitled to relief under Rule 60(b)(6), he must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted). "Such circumstances will rarely occur in the habeas context." *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citations omitted).

    Here, the final judgment entered was predicated on this court's lack of jurisdiction over petitioner's petition. The Ninth Circuit reasoned that at the time petitioner filed his petition, "he was not incarcerated, placed on supervised release, or subject to a restraint not shared by the public generally." (Doc. No. 30 at 2.) In the present motion for relief from judgment, petitioner argues that he is in fact subject to restraint not shared by the general public. (Doc. No. 38 at 3.) Petitioner states that he is in a Central Intelligence Agency program called Project Star Gate, in which he is being held against his will. (*Id.* at 1.) He further asserts that he requires a Foreign Intelligence Surveillance Act hearing to free himself, that the program in which he is in requires top-level clearance to know about, and that "this is secret law." (*Id.*) Petitioner contends that he has "over 1000 pages of exhibits" including email endorsements from various NSA whistleblowers, medical records confirming his bodily and brain injuries, and Project Star Gate files discussing the government's weapon system. (*Id.*)

    The court finds that petitioner has not demonstrated that the required extraordinary circumstances that would entitle him to the post-judgment relief he seeks through the pending

motion.  Petitioner's motion for relief is devoid of any specific facts that could support a showing that extraordinary circumstances prevented the court from correctly finding jurisdiction.  Nor are any supporting documents attached to petitioner's pending motion.  Rather, petitioner merely quotes from various federal cases across the country without explanation of their relevance to this motion.

As such, the court finds relief is not warranted under Rule 60(b)(6).  The motion for relief from judgment (Doc. No. 38) is therefore denied.

IT IS SO ORDERED.

Dated: **January 13, 2020**

*[signature: Dale A. Drozd]*
UNITED STATES DISTRICT JUDGE